UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MALCOLM RUSH,

    Plaintiff,

v.                                                      Case No. 06-C-683

BELINDA SCHRUBBE, et al.,

    Defendants.

**MEMORANDUM AND ORDER**

    Plaintiff Malcolm Rush, who is proceeding pro se, lodged a civil rights complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. Plaintiff is currently incarcerated at Waupun Correctional Institution.

    Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner plaintiff is required to pay the statutory filing fee of $350.00 for a federal lawsuit. If a prisoner does not have the money to pay the filing fee up front, he or she can request leave to proceed in forma pauperis in order to pay the fee over time. To proceed with an action in forma pauperis, the prisoner must complete a petition and affidavit to proceed in forma pauperis and return it to the court with a certified copy of the prisoner's trust account statement showing transactions for the prior six months. The court then assesses and, when funds exist, collects from the plaintiff at the time the action is filed an initial partial filing fee of twenty percent of the average monthly deposits to or the average monthly balance in the prisoner's trust account for the six-month period immediately preceding the filing of the complaint.[1]

---

[1] In no event will a prisoner be prohibited from bringing a civil action because he or she has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4).

In this case, the plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint. He also filed the required affidavit of indigence. Upon review of the trust account statement and affidavit, I am satisfied that plaintiff is unable to pay the statutory filing fee in this case. His trust account indicates a current balance of $0, and so the initial partial filing fee is also waived in this case. Leave to proceed in forma pauperis therefore will be granted.

Next, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)-(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hosp. Bldg. Co. v. Trs. of Rex Hosp.*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to

2

the plaintiff and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

The court is obliged to give the plaintiff's pro se allegations, however inartfully pleaded, a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege: (1) that he was deprived of a right secured by the Constitution or laws of the United States, and (2) that the deprivation was visited upon him by a person acting under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980).

Plaintiff brings two claims. The first is for deliberate indifference on the part of prison staff for failing to give him shower shoes to protect his feet while showering. He alleges he had been diagnosed with fungal problems and that two physicians had prescribed shower shoes for him. He also alleges the Waupun health staff knew this and deliberately failed to provide them for him or at least failed to conduct any examination of his feet, which he alleges is an obvious medical need. The lack of shower shoes caused, he alleges, foot fungus and irritation.

It is questionable whether the denial of shower shoes can, under these circumstances, constitute cruel and unusual punishment. Deliberate indifference only exists if it relates to a "serious medical need," and barring some grave medical problem not alleged in the complaint, it is doubtful that foot fungus is not such a need. As the Seventh Circuit has held, "an inch or two of water in the shower, even where one has a sore toe, is not 'an excessive risk to inmate health or safety,' nor the 'denial of the minimal civilized measure of life's necessities.' The shower condition [plaintiff] describes may require extra care on his part to keep the toe clean, but such needed precautions do not ignite a constitutional claim." *Snipes v. DeTella,* 95 F.3d 586, 592 (7th Cir. 1996). Still, it is not the court's role to play doctor, and it may be that foot fungus may pose a more

3

significant risk to plaintiff's health if it remains untreated and shower shoes are not provided. Presumably, that is why they were prescribed. Since this is the pleading stage and I am required to liberally construe the complaint, I will allow the claim to go forward, but only against Health Service Unit Manager Belinda Schrubbe and Nurses Mark Jensen and Mary Gorske. They are the only defendants alleged to have been directly involved. The Warden will also remain in the case but only as to the request for injunctive relief. Although the Secretary of the Department of Corrections, Deputy Warden are also named as defendants, the claim will be dismissed as to them. The doctrine of *respondeat superior* does not apply in § 1983 actions, *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001), and there is no allegation of specific knowledge or involvement on their part. Nor is their any allegation that plaintiff was denied shower shoes as a result of a policy established by them. To the contrary, the fact that plaintiff was treated for his foot problems at University of Wisconsin Hospital's Immunology Clinic and examined by at least two doctors suggests that the Department has a policy of providing adequate medical care to its prisoners.

Plaintiff's second claim relates to his demotion from Step 2 to Step 1 at Waupun and his transfer to Waupun from Columbia Correctional. He seems partly to acknowledge that prisoners have no general due process right to serve their time in any particular level or status within the state prison system. At other places, though, he alleges due process violations stemming from transfers between prisons or status levels. To the extent his claims are based solely on the fact that he was moved between some kind of segregated confinement (it is not clear) and other levels of confinement, or transferred between prisons, the claims are dismissed for failure to state a claim. Nothing in the complaint alleges that the change in confinement implicated any liberty interest

4

protected by the due process clause. *See Lekas v. Briley,* 405 F.3d 602, 608 (7th Cir. 2005) (due process attaches only when deprivation is atypical and significant hardship).

He also alleges, however, that the transfer and/or demotion were part of a scheme to retaliate against him for filing inmate complaints and being litigious. He does not specify when his earlier complaints were filed, but he states he filed a complaint against an officer named Morgan regarding injury to his arm. Although it is impossible to tell at this stage whether there is any basis for a retaliation claim, the complaint does not require more specificity. *Higgs v. Carver,* 286 F.3d 437, 439 (7th Cir. 2002) ("Higgs specified both the suit and the act of retaliation (namely placing him in lockdown segregation for 11 days), and this specification was enough to enable the defendants to file an answer.") Thus, to the extent he alleges he was transferred or punished in retaliation for exercising rights protected by the First Amendment, the complaint will survive. But again, only those defendants who either are alleged to have been responsible for the decision to transfer plaintiff and place him in segregation or who would be needed to provide injunctive relief will remain. This includes the members of the Special Segregation Review team (defendants Sieschlag, McDonald, Kaemmere and Spotts), the Warden and the Secretary of the Department. There are no allegations sufficient to state a claim against Deputy Warden Thurmer and Inmate Complaint Examiner Muenchow. Plaintiff's action will therefore be dismissed as to them.

In sum, plaintiff's Eighth Amendment claim can proceed against defendants Schrubbe, Jensen, and Gorske, and for injunctive relief against Warden Kingston. His retaliation claim can proceed against defendants Sieschlag, McDonald, Kaemmere and Spotts, and for injunctive relief against Warden Kingston and Secretary Frank. All claims against any remaining defendants are dismissed.

5

Finally, plaintiff has moved for an appointment of counsel. Although he has written to the ACLU and Legal Aid seeking assistance, I am not persuaded that his (presumably) unsuccessful efforts to retain counsel justify appointment in this case. The limited nature of the case is straightforward and, depending on the defendants' submissions, will likely be resolved without complex legal proceedings being required. The questions will be simply whether the plaintiff was denied essential medical care and whether he was retaliated against, and those questions should not pose the sorts of complex legal issues requiring counsel's assistance. Accordingly, the motion is denied.

**THEREFORE, IT IS ORDERED** that plaintiff's request to proceed in forma pauperis is granted and the initial partial filing fee is waived. Plaintiff's Eighth Amendment claim can proceed against defendants Schrubbe, Jensen, and Gorske, and for injunctive relief against Warden Kingston. His retaliation claim can proceed against defendants Sieschlag, McDonald, Kaemmere and Spotts, and for injunctive relief against Warden Kingston and Secretary Frank. All claims against any remaining defendants are dismissed.

**IT IS ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the $350 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to twenty percent of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10.00 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS FURTHER ORDERED** that the U.S. Marshals Service shall serve a copy of the complaint, a waiver of service form and/or the summons, and this order upon the above defendants pursuant to Fed. R. Civ. P. 4. Plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting to make such service. 28 U.S.C. § 1921(b). The current fee for waiver-of-service packages is $8.00 per item. The full fee schedule is provided in 28 C.F.R. § 0.114(a)(2), (a)(3). Even though Congress requires the court to order service by the U.S. Marshals Service when an impoverished person is permitted to proceed in forma pauperis, Congress has not provided for these fees to be waived, either by the court or the U.S. Marshals Service.

**IT IS ORDERED** that the defendants shall file a responsive pleading to the plaintiff's complaint.

**IT IS ORDERED** that the motion for appointment of counsel is denied.

**IT IS ALSO ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined and to Corey Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

Plaintiff is hereby notified that, from now on, he is required, under Fed. R. Civ. P. 5(a), to send a copy of every paper or document filed with the court to the opposing parties or their attorney(s). Plaintiff should also retain a personal copy of each document. If plaintiff does not have access to a photocopy machine, plaintiff may send out identical handwritten or typed copies of any documents. The court may disregard any papers or documents which do not indicate that a copy has been sent to each defendant or to their attorney(s).

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the clerk of court's office of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Nothing in this order or in § 1915A precludes a defendant from moving to dismiss any claim identified in this order or potentially existing in the complaint if the defendant disagrees with my analysis or believes I have overlooked something during my screening.

Dated this ___15th___ day of June, 2006.

s/ William C. Griesbach  
William C. Griesbach  
United States District Judge