UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MALCOLM RUSH,

        Plaintiff,

  v.                               Case No. 06-C-683

BELINDA SCHRUBBE, et al.,

        Defendants.

**ORDER**

Plaintiff Malcolm Rush, who is proceeding pro se, lodged a civil rights complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. In a screening order, I allowed Rush to proceed on his claim that he was denied the use of shower shoes that had been prescribed to alleviate his foot fungus problem. I also allowed him to proceed on his claim that he had been retaliated against.

> In sum, plaintiff's Eighth Amendment claim can proceed against defendants Schrubbe, Jensen, and Gorske, and for injunctive relief against Warden Kingston. His retaliation claim can proceed against defendants Sieschlag, McDonald, Kaemmere and Spotts, and for injunctive relief against Warden Kingston and Secretary Frank.

(June 15, 2006 Order at 5.)

Plaintiff has now filed a motion for a temporary restraining order. In it, he asserts that since the defendants were served in this action they have taken a series of retaliatory actions against him. Most of plaintiff's allegations contest discipline and segregation he has received which, he asserts, will extend his mandatory release date by up to one year. He asserts that he cannot obtain fair review through the prison's appeal system because many of the officials at Waupun are related to

each other. To the extent the motion seeks review of the disciplinary decisions, it is denied. A prisoner must exhaust the procedures the state provides to him, even if he asserts that they are unfair, and only then is review in a § 1983 action appropriate. If plaintiff's position were the law, it would create an enormous loophole in the exhaustion requirement for any plaintiff who alleged summarily that the review process was unfair. In addition, these claims are barred by the rule of *Heck v. Humphrey,* 512 U.S. 477 (1994), which holds that actions affecting the length of one's sentence–rather than conditions of confinement–must be brought as habeas actions rather than § 1983 actions. Accordingly, to the extent the motion seeks review of disciplinary actions or the plaintiff's MR date, the motion is denied.

In addition, however, the motion alleges that HSU staff are interfering with plaintiff's HIV medication and legal materials in a deliberate effort to harass and retaliate against the plaintiff. Because this portion of the motion raises issues possibly impacting the plaintiff's health, they are properly the subject of a motion for a temporary restraining order. Rather than entering such an order, however, I will order the state to respond to the claims in an expedited fashion. Plaintiff is warned, however, that in the event his claims prove frivolous, dismissal of the entire action may be appropriate. He is further instructed that this lawsuit is not a forum for filing a laundry list of grievances; he is to limit his arguments to the constitutional issues raised in the complaint.

THEREFORE, IT IS ORDERED that the motion for a temporary restraining order is DENIED. The defendants shall respond to the medication and legal materials claims set forth above by filing a brief on or before August 2, 2006.

Dated this   19th   day of July, 2006.

                                               s/ William C. Griesbach
                                               William C. Griesbach
                                               United States District Judge