UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MALCOLM RUSH,

        Plaintiff,

v.                                        Case No. 06-C-683

BELINDA SCHRUBBE, et al.,

        Defendants.

**ORDER**

In an order dated July 19, 2006, I ordered the defendants to respond to the plaintiff's request for injunctive relief on his claims that he was being deprived of medical care and legal materials. They have satisfactorily done so. Since their response, the plaintiff has indicated that he has moved to a private address on Wells Street in Milwaukee. Accordingly, given the defendants' adequate response and the plaintiff's change of residence, it appears injunctive relief would not serve any purpose. The motion for a temporary restraining order (Docket No. 11) is therefore denied.

The plaintiff's motion for a protective order and for production of various of his own health records (Docket No. 18) is also denied. The documents he requests have either been provided by the defendants or are not the defendants' obligation to provide. Nor is there any basis for a protective order.

The defendants have filed a motion for partial summary judgment on the grounds that the plaintiff failed to exhaust his administrative remedies as to his retaliation claim. The plaintiff has also filed a motion to amend his complaint, in which he explicitly withdraws any retaliation claim and seeks instead to proceed on a due process claim. Since it is clear that both sides are in

agreement that no retaliation claims exist, the defendants' motion for partial summary judgment on those claims is granted.

The plaintiff's motion to amend is denied. Although the screening order in this case indicated that there is generally no protected liberty interest in a particular mode of confinement, plaintiff seeks to amend his complaint to assert a due process claim. He asserts that his confinement in segregation for more than 400 days constitutes an "atypical and significant hardship in relation to the ordinary incidents of prison life." *Sandin v. Connor,* 515 U.S. 472, 484 (1995). The plaintiff's claim is not consistent with the proposed amended complaint, however.[1] While he may have spent more than 400 days in segregation over the course of his sentence, his due process claim arises only in February and March of this year; the complaint was filed in June. Thus, according to the plaintiff's own pleadings, he did not spend a substantial amount of time in segregation following the alleged due process violations. Accordingly, his proposed complaint does not state a claim for a violation of a protected interest under *Sandin. See also Lekas v. Briley,* 405 F.3d 602, 608 (7th Cir. 2005). The motion to amend the complaint (Docket No. 10) is therefore DENIED as futile. In sum, all that remains of the case is the plaintiff's Eighth Amendment claim.

The plaintiff's motions at Docket Nos. 10, 11, and 18 are DENIED; the defendants' motion for partial summary judgment (Docket No. 16) is GRANTED.

SO ORDERED this ___20th___ day of September, 2006.

                                                           s/ William C. Griesbach
                                                           William C. Griesbach
                                                           United States District Judge

---

[1] The proposed amended complaint is filed in two parts at Docket Nos. 10 and 13.